UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LA COBY PHILLIPS,<br><br>               Plaintiff,<br>    v.<br><br>BANK OF AMERICA CORP.,<br><br>               Defendant. | Case No.: 10-CV-04561-LHK<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>(re: docket #7) |

      Plaintiff brings suit under two counts: (1) for failure to respond to a Qualified Written Request ("QWR") under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; and (2) based on that purported RESPA violation, for "unfair business practices" under the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. Defendant Bank of America Corporation ("Defendant" or "Bank of America") moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. Plaintiff, through counsel, has filed an Opposition. Pursuant to Civil Local Rule 7-1(b), the Court finds this motion appropriate for resolution oral argument. For the reasons set forth below, Defendant's motion to dismiss is GRANTED WITH LEAVE TO AMEND.

## I.   BACKGROUND

### A.  Procedural History

      On December 9, 2009, Plaintiff filed her original complaint against Bank of America in the

United States District Court
For the Northern District of California

1   Santa Clara County Superior Court alleging four claims for relief: violation of RESPA for failure

2   to respond to a purported QWR dated October 22, 2009; breach of implied covenant of good faith

3   and fair dealing; unfair business practices; and breach of fiduciary duty.  Bank of America removed

4   that action to federal court on January 28, 2010, and then moved to dismiss on February 4, 2010.

5   On April 9, 2010, the Honorable Jeremy Fogel granted Bank of America's motion to dismiss

6   Plaintiff's federal claim under RESPA without leave to amend, and remanded Plaintiff's state-

7   based claims.  *See* April 9, 2010 Order Granting Defendant's Motion to Dismiss and Remanding

8   Act to State Court in *La Coby Phillips v. Bank of America*, Case Number 10-CV-0400-JF ("April

9   9, 2010 Order").  In the April 9, 2010 Order, Judge Fogel ruled that Plaintiff failed to state a claim

10   for a violation of RESPA because Plaintiff's October 22, 2009 communication to Bank of

11   America: (1) was not a valid QWR since it related solely to origination documents, and not to

12   "servicing" of the loan as required under RESPA; (2) did not allege any "servicing errors" as

13   required by RESPA; and (3) did not allege any actual damages other than "an amount to be

14   determined at trial."  *See* April 9, 2010 Order at 5-6.

15        On remand, Bank of America demurred to each cause of action, and in the alternative,

16   moved to strike the RESPA claim.  Plaintiff's counsel did not file an opposition to that motion, nor

17   did Plaintiff's counsel appear at the September 9, 2010 demurrer hearing at the Santa Clara County

18   Superior Court.  At that hearing, the Superior Court ruled from the bench that it was granting Bank

19   of America's motion to strike the RESPA claim and was sustaining the demurrer to other three

20   claims.

21        Plaintiff's counsel, without informing counsel for Bank of America or the Superior Court

22   Judge deciding the demurrer motion at the September 9, 2010 hearing, filed a First Amended

23   Complaint ("FAC") on September 8, 2010 with only two claims.  Although Judge Fogel's April 9,

24   2010 Order dismissed Plaintiff's RESPA claim without leave to amend, Plaintiff's FAC included a

25   RESPA claim based on: (1) the same October 22, 2009 communication already dismissed; and (2)

26   a second QWR allegedly sent on May 17, 2010, during the pendency of the litigation.  The FAC

27   also included a claim under the California UCL, wholly derivative of Plaintiff's RESPA claim.

28

1    Bank of America then, again, removed the action to federal court based on federal question

2    subject matter jurisdiction over the new RESPA claim.  Plaintiff's FAC is at issue in this action.

3    **B.  Factual Background**

4    Plaintiff's FAC alleges that she is an individual that owns the property at 7051 Livery Lane,

5    San Jose, California.  FAC ¶ 1.  Plaintiff alleges that Defendant Bank of America is a "mortgage

6    lender," and is "engaged in wrongful acts under the rubric of unfair business practices."  *Id.* at

7    ¶¶ 7-8.  Plaintiff further alleges that, on October 22, 2009, "a request was made for specific loan

8    origination documents," but these documents have not been received.  *Id.* at ¶ 9.  Finally, Plaintiff

9    alleges that, on May 17, 2010, "Qualified Written Request was made" for loan documents, which

10   Defendant has not acknowledged or responded to in any way.  *Id.* at ¶ 10.  Plaintiff attached the

11   May 17, 2010 communication, which is signed by Plaintiff's counsel in this action, as Exhibit B to

12   the FAC.  Plaintiff contends that the May 17, 2010 letter is a QWR as defined by RESPA.  *Id.* at

13   ¶ 12.

14                              **II.  LEGAL STANDARDS**

15   **A.  Motion to Dismiss**

16   Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is

17   "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to

18   support a cognizable legal theory."  *Shroyer v. New Cingular Wireless Services, Inc.*, 606 F.3d 658,

19   664 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  In considering

20   whether the complaint is sufficient to state a claim, the court must accept as true all of the factual

21   allegations contained in the complaint.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  However,

22   the court need not accept as true "allegations that contradict matters properly subject to judicial

23   notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or

24   unreasonable inferences."  *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d

25   1049, 1055 (9th Cir. 2008).  While a complaint need not allege detailed factual allegations, it "must

26   contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its

27   face.'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

28

**United States District Court**
For the Northern District of California

3

Case No.: 10-CV-04561-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

1  (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference

2  that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949.

3       If the court concludes that the complaint should be dismissed, it must then decide whether

4  to grant leave to amend. "[A] district court should grant leave to amend even if no request to

5  amend the pleading was made, unless it determines that the pleading could not possibly be cured

6  by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe*

7  *v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

8       **B.  Documents Considered by the Court**

9       A court may take judicial notice of facts that are not subject to reasonable dispute and are

10  either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of

11  accurate and ready determination by resort to resources whose accuracy cannot be reasonably

12  questioned.  Fed. R. Evid. 201(b).  The Court may consider, under the incorporation by reference

13  doctrine, documents that are connected to the loan transaction at issue, as to which both Plaintiffs

14  and Defendants make unopposed requests for judicial notice.  For purposes of ruling on a motion to

15  dismiss under Rule 12(b)(6), the pleadings are deemed to include "documents whose contents are

16  alleged in a complaint and whose authenticity no party questions, but which are not physically

17  attached to the pleading."  *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).  The Court

18  may also take judicial notice of matters of public record, including prior federal and state court

19  proceedings.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also Dawson v.*

20  *Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006) (allowing for judicial notice in federal court of state

21  court orders and proceedings).

22       Here, the Court takes judicial notice of: (1) Plaintiff's original Complaint filed in Santa

23  Clara Superior Court bearing the case name *La Coby Phillips v. Bank of America Corp., et al.*,

24  Case Number 100CV158953; (2) Plaintiff's executed Deed of Trust, which was publicly recorded

25  in the Office of the Santa Clara County Recorder on September 20, 2006; (3) Bank of America's

26  prior removal of this action to this Court on January 29, 2010, which was assigned the Case

27  Number 10-CV-0400-JF; (4) Judge Fogel's prior April 9, 2010 Order granting Bank of America's

28  motion to dismiss Plaintiff's federal claim under RESPA and remanding state-based claims; and

4

Case No.: 10-CV-04561-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

1    (5) the Demurrer Transcript in the Santa Clara County Superior Court reflecting that Bank of

2    America's demurrer was sustained.

3                                        **III.  DISCUSSION**

4          **A.  The RESPA Claim**

5          Defendants contend that Plaintiff has failed to state a RESPA claim with respect to the May

6    22, 2010 alleged QWR for three reasons: (1) Plaintiff does not allege that Defendant Bank of

7    America is the "servicer" of loan; (2) the letter does not allege any "errors" in the servicing of the

8    loan; and (3) even if the letter is a QWR, Plaintiff failed to allege any pecuniary harm arising from

9    Defendant's failure to respond.[1]

10              **1.  Whether Plaintiff Failed to Identify Defendant as a "Loan Servicer"**

11         Under RESPA, the "*servicer* of a federally related mortgage loan" must acknowledge

12   receipt of a QWR within twenty days and must respond substantively to the QWR within sixty

13   days.  12 U.S.C. § 2605(e)(1)(A), (e)(2).  The term "servicer" means the person responsible for

14   servicing of a loan (including the person who makes or holds a loan if such person also services the

15   loan).  *Id*. at § 2605(i)(2).

16         Defendants rightly contend that Section 2605(e) of RESPA imposes a duty upon a "loan

17   servicer" to respond to QWR's.  Here, however, Plaintiff has only alleged that Defendant Bank of

18   America is the "mortgage lender."  *See* FAC ¶ 8.  Absent any allegation that Bank of America is

19   Plaintiff's loan servicer, as opposed to just the mortgage lender and beneficiary of a deed of trust,

20   Plaintiff cannot state a claim under RESPA.  *See Consumer Solutions Reo, LLC v. Hillery*, 658 F.

21   Supp. 2d 1002, 1013 (N.D. Cal. 2009) (dismissing RESPA claim against loan owner because

22   "because § 2605(e) imposes a duty upon the loan servicer only.").

23         Accordingly, Defendant's motion to dismiss the RESPA claim is granted with leave to

24   amend.  In any amended complaint, Plaintiff must identify the servicer of her loan.

25

26

27   _____
     [1] Plaintiff's October 22, 2009 letter cannot provide a basis for Plaintiff's RESPA claim because
     Judge Fogel's April 9, 2010 Order dismissed that claim *without leave to amend*.  Accordingly, the

28   Court will limit its review to analysis of the May 22, 2010 letter as a ground for a RESPA
     violation.

Case No.: 10-CV-04561-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

**United States District Court**
For the Northern District of California

**2.   Whether the May 22, 2010 Letter is a QWR under RESPA**

A correspondence must meet several statutory requirements in order to be considered a QWR under RESPA.  Specifically, a QWR must relate to information regarding the servicing of the loan.  12 U.S.C. § 2605(e)(1)(A).  A QWR is a written request other than notice on a payment coupon or other payment medium supplied by the servicer.  *Id*. at § 2605(e)(1)(B).  "The term 'servicing' means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan."  *Id*. at § 2605(i)(3).  The request must provide sufficient information for the servicer to identify the name and account of the borrower.  *Id*. at § 2605(e)(1)(B)(i).  Finally, a QWR must include a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provide sufficient detail to the servicer regarding other information sought by the borrower.  *Id*. at § 2605(e)(1)(B)(ii).

Defendant argues that the May 22, 2010 letter does not qualify as a QWR because it does not identify any actual "servicing errors."  In fact, Defendant continues, the May 22, 2010 letter is simply an improper attempt to force a loan modification and lien cancellation.

The May 22, 2010 letter contains the statement that "this letter is a 'qualified written request,'" but then, in thirteen pages of single-spaced text, goes on to express concern about "fraudulent and deceptive practices by unscrupulous mortgage brokers," demand "absolute first-hand evidence" of the original loan documents in order to "independently validate this debt," and request categories of forty different sets of documents (e.g., any and all "pool agreements" and any "certificated or un-certificated security, front and back").  Defendants are correct that the May 22, 2010 letter does not identify any specific servicing error and that most of the letter does not relate to loan servicing at all.

However, the letter does include at least some information relating to servicing of the loan and does provide specific detail as to some of the servicing information sought.  *See* 12 U.S.C. § 2605(e)(1)(B)(ii) (a QWR must "include[] a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error *or* provide[] sufficient detail to the

6

servicer regarding other information sought by the borrower."). For example, after identifying Plaintiff's property and account number on page one, page six of the letter asks for "all account servicing transaction records" and page ten asks servicing-related questions such as whether servicing rights to the loan have been reassigned to another entity. *See* May 22, 2010 Letter, attached as Exh. B to FAC. Plaintiff's letter does seek much additional information beyond the servicing of the loan. However, it is not clear, at least at this stage of the litigation, whether the May 22, 2010 letter cannot qualify as a QWR because it seeks information beyond the scope of the RESPA statute. *See Luciw v. Bank of Am., N.A.*, 2010 U.S. Dist. LEXIS 111420, *8-10 (N.D. Cal. Oct. 6, 2010) (declining to dismiss RESPA claim where purported QWR included request for information beyond scope of statute, but provided specific detail with respect to information sought regarding servicing of loan).

Accordingly, Defendant's motion to dismiss on the ground that the May 22, 2010 letter is not a QWR is denied.

### 3.  Whether Plaintiff Failed to Allege Actual Damages

Section 2605(f)(1)(A) of RESPA requires a plaintiff to allege that actual damages flowed from the alleged violation. Defendant contends that, regardless of whether the May 22, 2010 letter constitutes a QWR, Plaintiff has not alleged any pecuniary harm arising from Bank of America's alleged failure to respond. Defendant's argument is correct. Plaintiff merely alleges an "amount to be determined at trial." *See* FAC ¶ 13. This allegation is insufficient under RESPA. *See, e.g.*, *Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) (in order to state a RESPA claim, a "Plaintiff must, at a minimum, also allege that the breach resulted in actual damages.").

Accordingly, Defendant's motion to dismiss for failure to allege actual damages is granted. In any amended complaint, Plaintiff must identify, with specificity, the exact damages that flowed from Defendant's failure to respond to the May 22, 2010 letter.

### B.  The UCL Claim

The UCL prohibits any "unlawful, unfair or fraudulent business practices." *See Cel-Tech Commc'ns, Inc. v Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180, 83 Cal. Rptr. 2d 548, 973

7

United States District Court
For the Northern District of California

P.2d 527 (1999).  "By proscribing 'any unlawful' business practice, [the UCL] 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.'"  *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) (quoting *Cel-Tech*, 20 Cal. 4th at 180).  Plaintiff claims that Defendant violated the UCL based on the predicate RESPA violation.

As discussed above, Plaintiff's RESPA claim will be dismissed with leave to amend. Accordingly, Plaintiff has failed to state a UCL claim predicated upon a RESPA violation and Defendant's motion to dismiss the UCL is granted with leave to amend.

## IV.  CONCLUSION

For the reasons described above, Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND.  Plaintiff shall file an amended complaint, if any, within 30 days of this Order to cure the deficiencies identified herein.  Plaintiff may not add new claims or parties without seeking leave of the Court pursuant to Federal Rule of Civil Procedure 15.  Failure to timely amend will result in dismissal of Plaintiff's claims with prejudice.  The January 20, 2011 Motion Hearing and Case Management Conference are vacated.

**IT IS SO ORDERED.**


Dated: January 14, 2011                              _____
                                                     LUCY H. KOH
                                                     United States District Judge

United States District Court
For the Northern District of California