UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LA COBY PHILLIPS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BANK OF AMERICA CORP,<br><br>　　　　Defendant. | Case No.: 5:10-CV-04561 EJD<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>**(Re: Docket No. 15)** |

Plaintiff La Coby Phillips ("Phillips") brings suit under two counts: (1) for failure to respond to a Qualified Written Request ("QWR") under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; and (2) based on that purported RESPA violation, for "unfair business practices" under the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. Defendant Bank of America Corporation Corp. ("Bank of America") moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. Phillips filed a written opposition to the motion but failed to appear at oral argument on October 7, 2011. For the reasons set forth below, Bank of America's motion to dismiss is GRANTED WITH LEAVE TO AMEND.

# I. BACKGROUND

**A. Procedural History**

On December 9, 2009, Phillips filed his original complaint against Bank of America in the Santa Clara County Superior Court alleging four claims for relief: violation of RESPA for failure to respond to a purported QWR dated October 22, 2009; breach of implied covenant of good faith and fair dealing; unfair business practices; and breach of fiduciary duty. Bank of America removed that action to federal court on January 28, 2010, and then moved to dismiss on February 4, 2010. On April 9, 2010, the Honorable Jeremy Fogel granted Bank of America's motion to dismiss Phillips' federal claim under RESPA without leave to amend, and remanded Phillips' state based claims. See April 9, 2010 Order Granting Defendant's Motion to Dismiss and Remanding Act to State Court in La Coby Phillips v. Bank of America, Case Number 10-CV-0400-JF ("April 9, 2010 Order"). In the April 9, 2010 Order, Judge Fogel ruled that Phillips failed to state a claim for a violation of RESPA because Phillips' October 22, 2009 communication to Bank of America: (1) was not a valid QWR since it related solely to origination documents, and not to "servicing" of the loan as required under RESPA; (2) did not allege any "servicing errors" as required by RESPA; and (3) did not allege any actual damages other than "an amount to be determined at trial." See April 9, 2010 Order at 5-6.

On remand, Bank of America demurred to each cause of action, and in the alternative, moved to strike the RESPA claim. Phillips' counsel did not file an opposition to that motion, nor did Phillips' counsel appear at the September 9, 2010 demurrer hearing at the Santa Clara County Superior Court. At that hearing, the Superior Court ruled from the bench that it was granting Bank of America's motion to strike the RESPA claim and was sustaining the demurrer to other three claims.

Phillips' counsel, without informing counsel for Bank of America or the Superior Court Judge deciding the demurrer motion at the September 9, 2010 hearing, filed a First Amended Complaint ("FAC") on September 8, 2010 with only two claims. Although Judge Fogel's April 9, 2010 Order dismissed Phillips' RESPA claim without leave to amend, Phillips' FAC included a

RESPA claim based on: (1) the same October 22, 2009 communication already dismissed; and (2) a second QWR allegedly sent on May 17, 2010, during the pendency of the litigation. The FAC also included a claim under the California UCL, wholly derivative of Phillips' RESPA claim.

Bank of America, again, removed the action to federal court based on federal question subject matter jurisdiction over the new RESPA claim on October 8, 2010, and then moved to dismiss on October 14, 2010. On January 14, 2011, the Honorable Lucy H. Koh granted Bank of America's motion to dismiss Phillips' FAC in its entirety with leave to amend. See Jan. 1, 2011 Order Granting Def.'s Mot. To Dismiss With Leave To Amend, ECF No. 12 ("January 14, 2011 Order"). In the January 14, 2011 Order, Judge Koh ruled that Phillips failed to state a claim for a violation of RESPA because (1) Phillips' October 22, 2009 communication cannot serve as the basis for RESPA claim because Judge Fogel's April 9, 2010 Order dismissed that claim *without leave to amend*; (2) Phillips' May 17, 2010 communication to Bank of America did not allege that Bank of America was his loan servicer; and (3) Phillips had not alleged actual damages that flowed from Bank of America's failure to respond to the May 17, 2010 communication. Judge Koh also held that the May 17, 2010 communications contained some servicing-related questions and thus rejected Bank of America's argument that the May 17, 2010 communication is not a QWR. Judge Koh ruled that Phillips failed to state a claim for a violation of the UCL because the UCL claim was predicated upon the insufficiently pleaded RESPA violation. On February 13, 2010, Phillips filed a Second Amended Complaint ("SAC"). Phillips' SAC is at issue in this motion.

**B. Factual Background**

Phillips' SAC alleges that he is an individual that owns the property at 7051 Livery Lane, San Jose, California. SAC ¶ 1. Phillips alleges that Bank of America is a "mortgage lender" and "the servicer of [Phillips'] loan in question" and is "engaged in wrongful acts under the rubric of unfair business practices." Id. at ¶¶ 7-8. Phillips further alleges that, on October 22, 2009, "a request was made for specific loan origination documents," but these documents have not been received. Id. at ¶ 9. Finally, Phillips alleges that, on May 17, 2010, "Qualified Written Request was made," which Bank of America has not acknowledged or responded to in any way. Id. at ¶ 10. Phillips indicates that the October 22, 2009 request is attached as Exhibit A and that the May 17,

3

2010 communication is attached as Exhibit B, but no exhibits are attached to the SAC. These documents, however, were attached as Exhibit A and B to the FAC.

Phillips alleges that Bank of America's RESPA violation caused damage to Phillips "by continuing to negatively report his account to major credit bureaus despite the fact that he has submitted a [QWR]. This has caused increased interest rates in [Phillips'] other credit accounts." Id. at ¶ 13. Phillips also alleges that the RESPA violation caused him "emotional stress" since he "has basically been in limbo waiting for answers to specific questions raised in his QWR." Id. at ¶ 14.

## II. LEGAL STANDARDS

**A. Motion to Dismiss**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Services, Inc., 606 F.3d 658, 664 (9th Cir. 2010) (quoting Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to '"state a claim to relief that is plausible on its face."'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

If the court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured

4

Case No.: 5:10-CV-04561 EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).

**B. Documents Considered by the Court**

A court may take judicial notice of facts that are not subject to reasonable dispute and are either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b). The court may consider, under the incorporation by reference doctrine, documents that are connected to the loan transaction at issue. For purposes of ruling on a motion to dismiss under Rule 12(b)(6), the pleadings are deemed to include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998). The court may also take judicial notice of matters of public record, including prior federal and state court proceedings. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); see also Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (allowing for judicial notice in federal court of state court orders and proceedings).

Here, the court takes judicial notice of: (1) Phillips' Deed of Trust, which was recorded in the Office of the Santa Clara County Recorder on September 20, 2006; (2) Phillips' original Complaint filed in Santa Clara Superior Court bearing the case name La Coby Phillips v. Bank of America Corp., et al., Case Number 100CV158953; (3) a copy of the court docket in La Coby Phillips v. Bank of America Corp., Case Number 5:10-cv-00400-JF in the Northern District of California; (4) Judge Fogel's prior April 9, 2010 Order granting Bank of America's motion to dismiss Plaintiff's federal claim under RESPA and remanding state-based claims; and (5) the Demurrer Transcript in the Santa Clara County Superior Court reflecting that Bank of America's demurrer was sustained.

### III. DISCUSSION

**A. The RESPA Claim**

RESPA provides that anyone who violates RESPA shall be liable for actual damages to an individual who brings an action. See 12 U.S.C. § 2605(f)(1). "Although this section does not

explicitly set this out as a pleading standard, a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim." Allen v. United Fin. Mortg. Corp., 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) (citing Hutchinson v. Del. Sav. Bank FSB, 410 F. Supp. 2d 374, 383 (D.N.J.2006) (stating that "alleging a breach of RESPA duties alone does not state a claim under RESPA. Phillips must, at a minimum, also allege that the breach resulted in actual damages.") Bank of America contends that Phillips has failed to state a RESPA claim with respect to the May 17, 2010 alleged QWR because Phillips has failed to allege cognizable harm or any harm that resulted from Bank of America's failure to respond.[1]

In opposition to the motion, Phillips argues that he has alleged pecuniary damage, citing to an excerpt from the May 17, 2010 letter stating that "abuses have . . . "[i]ncreased the amounts of monthly payments . . . the principal balance owe[d] . . . [and] escrow payments" among other harms. Neither the SAC nor the letter itself, which was not attached to the SAC, alleges that these harms resulted from Bank of America's failure to respond to the May 17, 2010 letter. Additionally, it is unclear how Phillips could allege that damages that were listed in the May 17, 2010 letter resulted from Bank of America's failure to respond to that same letter.

Phillips further argues that the SAC alleges actual damage resulting from Bank of America's continued reporting to credit agencies after receiving the QWR, and this reporting "caused increased interest rates in his other credit accounts." SAC ¶ 13. Section 2605(e)(3) of RESPA requires that for a 60-day period after receiving a QWR relating to a dispute regarding the borrower's payments, a servicer may not provide any consumer reporting agency with information about any overdue payment that is owed by the borrower and that relates to that period or to the QWR. Without further factual allegations showing that Phillips had other loans pending on which he paid higher interest, the assertion that Bank of America's continued reporting "caused increased interest rates in his other credit accounts" is not sufficient to nudge his claims across the line from

---

[1] As noted above, the court has previously held that the October 22, 2009 letter cannot provide a basis for Phillips' RESPA claim because Judge Fogel dismissed that claim without leave to amend. See April 9, 2010 Order at 5:26-28. Accordingly, similar to Judge Koh's January 14, 211 Order, this Order addresses only the May 17, 2010 communication.

6
Case No.: 5:10-CV-04561 EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

conceivable to plausible.[2] Furthermore, neither in Phillips' opposition nor at oral argument, for which he failed to appear, did Phillips identify any overdue payment that related to his May 17, 2010 letter. The court has reviewed the May 17, 2010 letter and found no such overdue payment identified therein. Thus Phillips has failed to allege facts that establish Bank of America had any obligation to cease reporting to credit agencies. Phillips has therefore failed to plead facts sufficient to state a plausible claim that he was damaged by credit reporting prohibited by RESPA

Finally, Phillips argues that the SAC alleges that Bank of America's failure to respond resulted in emotional stress. "The Ninth Circuit has not decided whether emotional distress can constitute 'actual damages' for purposes of § 2605(f), and cases are split." Skaggs v. HSBC Bank USA, N.A., CIV. 10-00247 JMS, 2011 WL 3861373 (D. Haw. Aug. 31, 2011); see, e.g., Hutchinson, 410 F. Supp. 2d at 383, n. 14 ("It is unclear whether 'actual damages' under RESPA encompasses emotional distress. The district courts are split and no Court of Appeals has addressed the issue.") (citing cases). At least one court in this District has found that "damages for inconvenience and emotional and mental distress are not pecuniary damages that can support a claim under RESPA." Ramanujam v. Reunion Mortgage, Inc., 5:09-CV-03030-JF/HRL, 2011 WL 446047, at *5 (N.D. Cal. Feb. 3, 2011). Other caselaw, however, indicates that "[c]ourts in the Ninth Circuit have interpreted the pecuniary loss requirement liberally; several have considered an averment of emotional harm sufficient to recover actual damages under RESPA." Lawther v. Onewest Bank, C 10-0054 RS, 2010 WL 4936797, at *7 (N.D. Cal. Nov. 30, 2010) (citing Apodaca v. HSBC Bank USA, No. 10-0307, 2010 WL 1734 945, at *3-4 (S.D.Cal. Apr. 7, 2010)); see also, Joern v. Ocwen Loan Servicing, LLC, CV-10-0134-JLQ, 2010 WL 3516907, at *3 (E.D. Wash. Sept. 2, 2010) ("the majority of courts consistently found that RESPA's actual damages provision includes recovery for emotional distress"); Moon v. GMAC Mortg. Corp., C08-969Z, 2009 WL 3185596, at *5 (W.D. Wash. Oct. 2, 2009) ("RESPA permits recovery of emotional distress damages.")

---

[2] See Kariguddaiah v. Wells Fargo Bank, N.A., C 09-5716 MHP, 2010 WL 2650492, at *7 (N.D. Cal. July 1, 2010).

7

Case No.: 5:10-CV-04561 EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

The court need not adopt either position. Here, even assuming Phillip suffered emotional distress and such distress can suffice as "actual damages" under § 2605(f), Phillips has not alleged facts sufficient to state a plausible claim that he suffered emotional distress *as a result of* Bank of America's alleged RESPA violation. For example, the SAC does not state whether Phillips' emotional distress resulted from Bank of America's failure to respond to a servicing-related inquiry or to Phillips' other inquiries, which are not related to loan servicing, in the May 17, 2010 letter. He attests that he "suffers from emotional stress as a result of [Bank of America's] non-compliance with the RESPA statute since he has basically been in limbo waiting for answers to the specific questions raised in his QWR." SAC ¶ 14. Although the May 17, 2010 letter "does include at least some information relating to servicing of the loan and does provide specific detail as to some of the servicing information sought," it also "seek[s] much additional information beyond the servicing of the loan." January 14, 2011 Order at 6:25-7:6. The 13-page single-spaced "letter does not identify any specific servicing error and . . . most of the letter does not relate to loan servicing at all." Id. at 6:22-24. Thus, Phillips has not alleged facts sufficient to establish that it is plausible, rather than merely possible, that the distress resulted from Bank of America's failure to provide "information relating to the servicing of such loan" required under RESPA. 12 U.S.C.A. § 2605 (West); see Skaggs, 2011 WL 3861373, at *16 (granting summary judgment for defendant because "the distress was not a result of a failure to give 'servicing information'—instead, it was a result of 'not being able to get a straight answer as to who was the owner of my mortgage,' which is information not required under RESPA.")

Accordingly, Bank of America's motion to dismiss for failure to allege actual damages is granted. The court does not, at this time, determine that the pleading could not possibly be cured by the allegation of other facts. Thus, Phillips is granted leave to amend. In any amended complaint, Phillips must identify, with specificity, the exact damages that flowed from Bank of America's failure to respond to the May 17, 2010 letter.

**B. The UCL Claim**

The January 14, 2011 Order dismissed the UCL claim in the FAC because it was predicated upon the insufficiently-pleaded RESPA claim. The court has again dismissed the RESPA claim as

8
Case No.: 5:10-CV-04561 EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

insufficiently pleaded in the SAC. Phillips' opposition to the motion to dismiss the UCL claim in the SAC is identical to his opposition to the motion to dismiss the UCL claim in the FAC, and the court therefore reaches the same result.

The UCL prohibits any "unlawful, unfair or fraudulent business practices." See Cel-Tech Commc'ns, Inc. v Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). "By proscribing 'any unlawful' business practice, [the UCL] 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.'" See Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000) (quoting Cel-Tech, 20 Cal. 4th at 180). Phillips claims that Bank of America violated the UCL based on the predicate RESPA violation.

As discussed above, Phillips' RESPA claim will be dismissed with leave to amend. Accordingly, Phillips has failed to state a UCL claim predicated upon a RESPA violation and Bank of America's motion to dismiss the UCL is granted with leave to amend.

**IV. CONCLUSION**

For the reasons described above, Bank of America's motion to dismiss is GRANTED WITH LEAVE TO AMEND. Phillips shall file an amended complaint, if any, within 30 days of this Order to cure the deficiencies identified herein. Phillips may not add new claims or parties without seeking leave of the court pursuant to Federal Rule of Civil Procedure 15. Failure to timely amend will result in dismissal of Phillips' claims with prejudice.

Dated:   Qevqdgt'33.'4233



EDWARD J. DAVILA
United States District Judge

9
Case No.: 5:10-CV-04561 EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND